**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDISON C. HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-345-RWS |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on self-represented Plaintiff Edison C. Hester's motion to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. Based on the financial information contained in Hester's motion, the Court will grant him leave to proceed without payment of the filing fee. Also, the Court will direct Hester to show cause why this action should not be dismissed as time barred.

Hester alleges that he was charged on November 5, 2010 in the Circuit Court of St. Louis City with nine counts of felony second degree burglary, four counts of felony stealing, one count of felony stealing of a motor vehicle, one count of felony first degree property damage, two counts of misdemeanor second degree property damOage, and two counts of misdemeanor stealing.[1] He states this prosecution was later dismissed in his favor. He seeks to sue defendants the St. Louis Metropolitan Police Department and Officers John Does Nos. 1 and 2 under 42 U.S.C. § 1983 for

---

[1] Plaintiff cites this case as *Missouri v. Hester*, Case No. 1022-CR05232-01 (St. Louis City Cir. Ct. 2010). The Court could not find this case on Case.net, Missouri's online case management system.

violations of his constitutional rights, including false arrest, false imprisonment, and malicious prosecution arising out of this arrest.

There is no statute of limitations contained within 42 U.S.C. § 1983; however, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

In *Wallace v. Kato,* the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial."). Based on the allegations in Hester's complaint, his constitutional claims arose on the date of his arrest, November 5, 2010. The five-year statute of limitations for bringing § 1983 claims arising out of this arrest expired on November 5, 2015. Hester did not file this § 1983 action until March 18, 2021, more than five years after the statute of limitations had run on his claims. Hester has made no argument that any tolling of the statute of limitations applies to his case. As a result, the Court will order him to show cause why this action should not be dismissed as time barred.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Edison Hester's motion for leave to proceed in forma pauperis, [ECF No. 2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Hester must show cause no later than **June 20, 2021**, why this action should not be dismissed as time barred.

**IT IS FURTHER ORDERED** that if Hester fails to timely respond to this Memorandum and Order to Show Cause, his case will be dismissed without any further notice to him.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2021.