**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDISON C. HESTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-345-RWS |
| ST. LOUIS METROPOLITAN POLICE DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of the file following the filing of self-represented plaintiff Edison C. Hester's response to the Court's memorandum and order to show cause (ECF No. 8).[1] Hester, who is incarcerated at Algoa Correctional Center, is currently proceeding in this action pro se and in forma pauperis. For the following reasons, Hester's in forma pauperis status will be revoked, and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**Background**

Hester initiated this case on March 18, 2021 by filing a complaint pursuant to 42 U.S.C. § 1983 against defendants St. Louis Metropolitan Police Department, John Doe No. 1, and John Doe No. 2. Hester alleges his arrest and charges brought on November 5, 2010 in the City of St. Louis, Missouri Circuit Court were racially motivated in violation of his Fourth and Fourteenth

---

[1] Hester signs many of his documents as "Prince Edison Carl Hester-Bey." *See* ECF No. 8, 8-1, 8-2. He also declares himself a member of the Moorish Perpetual Union subject to "The Divine Constitution And Bylaws: Act 6 (Nationality Act) of the Moorish Science Temple of America and Amendment I (Sovereign Moorish Nationals) of the Moorish Great Seal Zodiac Constitution, enacted pursuant to Articles II, IV, and VI of the Zodiac Constitution." ECF No. 8-2.

Amendment rights. He brings claims under 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments, and state law claims for malicious prosecution, intentional infliction of emotional distress, and extreme and outrageous conduct. For relief, he seeks $33.3 million in actual damages and $33.3 million in punitive damages.

On May 28, 2021, the Court issued a memorandum and order to show cause, requiring Hester to show cause why this action should not be dismissed as time barred. *See* ECF No. 6. In his complaint, Hester alleged he had been charged on November 5, 2010 with multiple counts of felony second degree burglary, felony stealing, felony stealing of a motor vehicle, felony first degree property damage, misdemeanor second degree property damages, and misdemeanor stealing. He stated this prosecution was later dismissed in his favor, but provided no documentation. Further, the records of this underlying criminal action were not available on Missouri Case.net, Missouri state court's online docketing system. Relying on the Supreme Court's opinion in *Wallace v. Kato*, the Court noted for Hester that the five-year statute of limitations for this § 1983 action arose on the date of his arrest, November 5, 2010 and expired November 5, 2015. Because Hester did not file his action until March 18, 2021, the Court ordered him to show cause why this action should not be dismissed as time barred.

In response to the show cause order, on June 15, 2021, Hester filed two documents: (1) a motion to vacate, set aside, and reinstate case and to appoint legal counsel; and (2) a document titled "Affidavit/Writ-of-Error," filed as Prince Edison Carl Hester-Bey. ECF Nos. 7-8. Attached to the "Affidavit/Writ-of-Error" are 100 pages of documents, many of which are related to Hester's alleged sovereign citizen status, but the last of which are related to his state court criminal matter. Here, for the first time, Hester filed the state court's order and judgment dismissing with prejudice all criminal charges against him in *Missouri v. Hester*, No. 1022-CR05232-01 (St. Louis City,

Mar. 19, 2020).  *See* ECF No. 8-2 at 99-100.  The dismissal with prejudice dismissed all of his underlying criminal charges in *Missouri v. Hester*, No. 1022-CR05232-01, and was dated March 19, 2020.[2]

With this new information, the Court's evaluation of the timeliness of Hester's § 1983 action changed.  Pursuant to the Supreme Court's rulings in *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019), and *Manuel v. City of Joliet, Illinois*, 137 S. Ct. 911 (2017), Hester's causes of action likely accrued for purposes of the statute of limitations on March 19, 2020, the date on which his underlying criminal matter terminated in his favor.  *See, e.g.*, *Irons v. Neske*, No. 4:21-CV-293-RWS, 2021 WL 4191614, *4 (E.D. Mo. Sept. 15, 2021).

Thus, the statute of limitations is not determinative of this case.  However, because Hester has acquired three strikes under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must dismiss the complaint without prejudice subject to refiling with payment of the $402 filing fee.

## Discussion

According to the PLRA, a prisoner's ability to proceed in forma pauperis is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  28 U.S.C. § 1915(g).  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

---

[2] In addition to these filings, Hester submitted on August 30, 2021 a document titled "Affidavit/Offer of Proof & Evidence" drafted on the letterhead of The Moorish National Republic Federal Government Northwest Africa. The Moorish Devine and National Movement of the World. Northwest Amexem/Northwest Africa/North America. 'The North Gate." Societas Republicae Ea Al Maurikanos. Aboriginal and Indigenous Natural Peoples of the Land. The true and de jure Al Moroccans/Americans."  Although the document is unclear, it appears Hester is attempting to assert himself as a corporate entity.  He refers to himself as Mr. Hall, but signs the document as Prince Edison Carl Hester-Bey of the Moorish National by Inheritance and includes his fingerprint.

> brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of records from this United States District Court shows that Hester has, while incarcerated or detained in any facility, filed three civil actions in forma pauperis that were dismissed as frivolous or malicious, or for failure to state a claim. *See Hester v. City of St. Louis, et al.*, No. 4:13-CV-893-CAS (E.D. Mo. May 8, 2013) (dismissed June 11, 2013 under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous, or for failure to state a claim, or both); *Hester v. Boyer, et al.*, No. 4:12-CV-963-HEA (E.D. Mo. May 24, 2012) (dismissed Jun. 12, 2012 under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous, or for failure to state a claim, or both); and *Hester v. City of St. Louis, et al.*, No. 4:10-CV-2389-SNLJ (E.D. Mo. Dec. 20, 2010) (dismissed Jan. 17, 2011 under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous, or for failure to state a claim, or both).

Hester has accumulated three strikes. Accordingly, he may not continue to proceed in forma pauperis in this action unless the allegations in the complaint show he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Proceeding in forma pauperis is a privilege, not a right, and it may therefore be revoked if it appears the goals of § 1915 are not being furthered. *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986).

Here, Hester's allegations arise out of an arrest and charges brought in 2010 that were dismissed with prejudice in March 2020. These are past harms with no attendant danger of serious physical injury and are insufficient to allow him to continue proceeding in forma pauperis in this action. "[A]n otherwise ineligible prisoner is only eligible to proceed in forma pauperis if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in

the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

Accordingly, pursuant to 28 U.S.C. § 1915(g), Hester may not continue to proceed in forma pauperis in this action. The Court will therefore revoke his in forma pauperis status, and dismiss this action without prejudice to the filing of a fully-paid complaint. *See Camp*, 798 F.2d at 434; *see also Anderson v. Hobbs*, 2014 WL 4425802 (W.D. Ark. Sept. 9, 2014) (revoking in forma pauperis status after it became clear plaintiff was not actually in imminent danger of serious physical injury); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking in forma pauperis status under § 1915(g) and dismissing action without prejudice to prisoner's right to re-file it upon payment of filing fee).

Accordingly,

**IT IS HEREBY ORDERED** that Hester's in forma pauperis status is **REVOKED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to being re-filed upon payment of the $402.00 filing fee. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Hester's motion to stay the proceedings [ECF No. 3], motion for the appointment of legal counsel [ECF No. 5], and motion to vacate, set aside and reinstate case and to appoint legal counsel [ECF No. 7] are **DENIED** as moot.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September , 2021.